UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH MICHAEL DEVON ENGEL,   )
                                                             )
    Plaintiff,                                    )
                                                             )
    v.                                                 )    No. 4:20-cv-1245-SRC
                                                             )
JEFFERSON COUNTY PROSECUTING     )
ATTORNEY'S OFFICE, et al.,                 )
                                                             )
    Defendants.                               )

### **Memorandum and Order**

This matter is before the Court upon [2] motion of plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without pre-payment of the required filing fee. The Court will grant the motion and, for the reasons stated below, will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Engel did not submit an inmate trust account statement along with the instant motion, as required. On October 28, 2020, this Court entered an order directing Engel to file the statement within thirty days. On November 9, 2020, Engel filed a supplemental document in which he averred, *inter alia*, that he could not obtain the statement. As a result, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess a "reasonable" amount).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839

F.2d 1290, 1293 (8th Cir. 1988) (per curiam); *see also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950–51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether the plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951–52.

**The Complaint**

The instant complaint is one of numerous civil rights complaints that Engel has recently filed in this Court. Engel prepared the complaint using this Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983. Engel named Jefferson County Prosecuting Attorney's Office and Mercy Hospital as defendants. Engel sets forth his statement of claim in a letter attached to the complaint. His allegations are best understood if quoted in full. They are as follows.

> I am writing this in regards to the [prosecutor's] office in Jefferson County they are a lot to blame for what has been going on with me. Like why would you let charges come through when clearly was not me. So I'm asking the United States District

3

>Courts to accept my suit for 80 millions and [an] apology from the Head District. Furthermore I want 20 hours of community service out of each member of their Office.
>
>I am asking the United States District Courts to waive all fees and show kindness in your hearts like have cause my flashbacks nightmares do not go away. My PTSD is very real and won't go away. Furthermore Mercy Hospital in Festus Missouri they broke my arm they held me down forced drugs in me that I refused and I was in a room where [there] was a camera. [Furthermore] when police bring people they don't check them out they just give them a fit. Also their [Ambulance] District was trying to kill me trying to hook them shock deals to me that they do when people are dead. Ms. Locke was their Officer [illegible]. 180 million dollars. And I feel Mercy should have to give donate 2,000 dollars to all food banks in Jefferson County and 2,000 dollars to every church in Festus and Desoto.

Doc. 1-1.

Engel identifies his injuries as "[psychiatric] problems, back problems, flash back, stomach problems, sugar, freedom years of my life."  Doc. 1 at 4.  As relief, Engel seeks an award of legal and filing fees, "260 million dollars I'm sorry letters and Mercy Hospital to donate to nursing homes 20 million dollars that don't belong to Mercy and that is separate than my money tax free." *Id.* at 5.

After filing the complaint, Engel filed a lengthy supplemental document.  Doc. 5.  Engel references the numerous complaints he has filed in this Court, and states he intends that each one be filed as a separate lawsuit.  He also seeks to add more than 100 additional parties and numerous additional claims to this action, and to expand his prayer for relief.

Engel sets forth the additional claims in a wholly conclusory fashion.  Condensed and summarized, he alleges as follows.  Engel has symptoms related to gastrointestinal distress and his breath and feces have a foul odor, but MDOC and Corizon are not doing anything.  He does not describe a situation in which he was denied requested medical care.  Unidentified individuals allow unidentified staff to get away with assault and the State of Missouri is committing murder.  Engel does not describe a situation in which he was threatened, assaulted, or harmed.  Engel was arrested

4

even though he is a sovereign citizen, and Jefferson County has taken advantage of him since childhood. Prisoners are not given pants to wear while in an unspecified form of segregation, and are often cited for indecent exposure. The MDOC has not given Engel an unspecified diet or unspecified necessities related to his religion. Engel does not describe a particular situation in which he was denied such things. Engel's name was improperly recorded during the intake process.

Engel also sets forth a lengthy and fanciful prayer for damages to compensate him for those alleged wrongs. He claims entitlement to amounts such as "1100 Trillion," "1300 Trillion," and "11,000 Trillion," and he seeks an award of various stocks, including stocks in entities such as Wal Mart, Sears, Best Buy, and T-Mobile. Engel describes in detail the manner in which he intends to use the proceeds of this lawsuit, including acquiring and starting numerous businesses. He seeks other forms of relief as well, including an order from this Court directing that he remain free from government interference with any such businesses.

## Discussion

The complaint is subject to dismissal. Engel has named the Jefferson County Prosecuting Attorney's Office as a defendant. This Court has observed that a Missouri county prosecuting attorney's office is an administrative arm of the county that is treated the same as other non-suable entities "such as a county sheriff's department" and lacks the capacity to sue or be sued under state law and under 42 U.S.C. § 1983. *See Kaminsky v. State of Missouri*, 2007 WL 2956404, at *2,3 (E.D. Mo. Oct. 5, 2007); *see also Stockley v. Joyce*, 2018 WL 4300323, at *3 (E.D. Mo. Sept. 10, 2018) (applying the reasoning of *Kaminsky* to determine that the Office of the Circuit Attorney was not a legal entity amenable to suit under 42 U.S.C. § 1983); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (a prosecutor's office is not a legal entity amenable to suit under § 1983). The Court therefore concludes that Engel cannot

5

maintain this action against the Jefferson County Prosecutor's Office. Additionally, Engel alleges no facts permitting the Court to construe the complaint to seek to impose liability upon Jefferson County for actions taken by its prosecuting attorney in an official capacity.

Engel also named Mercy Hospital as a defendant, and claims "they" broke his arm and forcibly medicated him. He also complains about an incident involving an ambulance that he appears to attribute to Mercy Hospital. Engel does not specify when these events occurred, nor does he explain why he was receiving care or state whether he was a prisoner or in law enforcement custody at the time. Having thoroughly reviewed the complaint, the Court concludes there are no facts permitting the inference of state action on the part of Mercy Hospital, as necessary to state a claim against it under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law.).

Even if Engel had alleged facts permitting the inference of state action on the part of Mercy Hospital, the complaint would not state an actionable claim against Mercy Hospital. The complaint does not allege that there was a policy, custom or official action of Mercy Hospital that caused an actionable injury. "A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)). Additionally, to the extent Engel can be understood to bring a state law medical negligence action against Mercy Hospital, he has neither pleaded jurisdictional grounds to do so, nor alleged facts that would state a plausible medical negligence claim. As a final matter, the Court notes that Engel appears to claim other people have received inadequate care at Mercy Hospital. However, Engel lacks standing to bring claims on behalf of

6

others, *see Warth v. Seldin*, 422 U.S. 490, 499 (1975), and because he is not a licensed attorney, he may not represent others in federal court.  *See Lewis v. Lenc–Smith Mfg. Co*., 784 F.2d 829, 830 (7th Cir. 1986).  The Court therefore concludes that the complaint fails to state a claim upon which relief may be granted against Mercy Hospital.

It also appears this action is subject to dismissal because it is factually frivolous.  In the complaint and supplemental document, Engel alleges he is entitled to recover hundreds of millions and hundreds of trillions of dollars in damages from more than 100 individuals and entities for claims that either entirely lack factual support, or are based upon irrational factual assertions.  Such allegations rise to the level of the irrational or wholly incredible, and reflect the thoughts of a delusional individual.  The Court therefore concludes that Engel's allegations are "clearly baseless" under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25.

Finally, the Court dismisses this action because it appears to be malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right). Since filing this action, Engel has filed over one hundred other complaints in this Court alleging that his civil rights have been violated by these defendants and other state and local entities and officials.  Engel submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action.  The nature of those pleadings and Engel's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, rather than a legitimate attempt to vindicate a cognizable right.  *See Spencer*, 656 F. Supp. at 461-63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Having considered the instant complaint and supplemental document, as well as Engel's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit Engel leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Engel is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991); *see also Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

Accordingly, the Court grants [2] Engel's motion to proceed *in forma pauperis*. The Court further orders that Engel's shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Engel is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

The Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith.  The Court denies [3] Engel's motion for appointment of counsel as moot.

Dated this 26th day of January 2021.

_SL R. CL_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE